**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| IN RE:<br><br>RICHARD S. FRANCIS,<br><br>Debtor. | CASE NO. 2:26-bk-02418-FMR<br><br>CHAPTER 11 |

**DEBTOR'S *AMENDED* APPLICATION FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT OF SEESE, P.A. AS COUNSEL FOR DEBTOR-IN-POSSESSION EFFECTIVE SEPTEMBER 22, 2026**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in these bankruptcy cases, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

The Debtor, by and through its proposed undersigned counsel, respectfully requests entry of an order of the Court authorizing the employment of MICHAEL D. SEESE and the law firm of SEESE, P.A., to represent the Debtor in this case (the "Case"), and states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief requested is U.S.C. § 327(a).

**BACKGROUND**

3. On September 22, 2026, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtor is in possession of its assets and operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

**RELIEF REQUESTED**

4. Subject to the approval of this Court, the Debtor requests authorization to employ MICHAEL D. SEESE and the law firm of SEESE, P.A. as attorneys for the Debtor (collectively, "Seese").

5. Seese is qualified to practice in this Court and to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

6. Seese's depth of experience in bankruptcy matters, and, especially, in business reorganizations, makes Seese qualified to deal effectively with the legal issues that may arise in the context of this Case. Therefore, the Debtor believes that Seese is well qualified to serve as its bankruptcy counsel and that retention of Seese is in the best interests of the estate.

**SERVICES TO BE RENDERED**

7. Seese's services are necessary and will enable and assist the Debtor in performing its duties as debtor and debtor-in-possession. In connection with this Case, Seese will render the following types of professional services:

a. Advise the Debtor generally regarding matters of bankruptcy law in connection with this Case;

b. Advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the Case and U.S. Trustee Guidelines related to the daily operation of its business and administration of this estate;

c. To prepare motions, applications, answers, proposed orders, reports and any other papers necessary in connection with the administration of the estate;

d. To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan;

e. Review executory contracts and unexpired leases;

f. To negotiate and document any debtor-in-possession financing and exit financing; and

g. To render such other advice and services as the Debtor may require in this Case.

**DISINTRESTEDNESS OF PROFESSIONALS**

8. To the best of the Debtor's knowledge, neither said attorneys nor said law firm has any connection with the creditors or other parties in interest or their respective attorneys, except as may be disclosed in the Sworn Declaration in support of this Application.

9. Seese has agreed to accept the following as compensation for the services to be rendered and expenses to be incurred in connection with representation of the Debtor:

a. a general retainer, in the amount of $95,000.00, *less* the amount(s) necessary to pay any pre-petition fees and costs and the Chapter 11 filing fee; and

b. any such additional sums as may be allowed by this Court based on the time spent and services rendered, the result achieved, the difficulty and complexity encountered, and other appropriate factors.

Seese will not be paid any compensation by the Debtor in the Case except upon application to and approval by the Court after notice and hearing.

10. As disclosed more fully in the Sworn Declaration, Seese represented the Debtor prior to the date of this Application in connection with preparing for this Case.

11. To the best of the Debtor's knowledge and based on the Sworn Declaration of Seese submitted in connection with this Application, there are no arrangements between Seese

and any other entity to share compensation to be received in connection with this Case, other than as permitted by section 504 of the Bankruptcy Code.

12. Under applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay Seese its standard hourly rates and reimburse Seese for expenses according to Seese's customary reimbursement policies. The hourly rate of Michael Seese is $650.00 per hour.

13. The hourly rates discussed above are Seese's standard hourly rates charged to all clients. These rates are subject to adjustment, generally on an annual basis to reflect, among other things, market rates.

14. Attached to this Application as Exhibit "A" is the proposed attorney's Sworn Declaration (the "Declaration") demonstrating that MICHAEL D. SEESE and the law firm of SEESE, P.A. are "disinterested" as required by 11 U.S.C. § 327(a), as required under Bankruptcy Rule 2014.

**WHEREFORE,** the Debtor respectfully requests the entry of an order, the form of which are attached hereto as Exhibit "B," authorizing the retention of SEESE and the law firm of SEESE, P.A. pursuant to 11 U.S.C. §§ 327 and 330, effective September 22, 2026, and granting such other and further relief as this Court deems proper.

**DATED**: September 25, 2026

*/s/ Richard S. Francis*
Richard S. Francis

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been served (a) electronically *via* CM/ECF on all parties entitled to receive electronic service on the date filed, and (b) *via* United States Mail on all parties on the attached service list on September 25, 2026.

*/s/ Michael D. Seese*
Michael D. Seese, Esq.
FBN 997323

# EXHIBIT "A"

## Sworn Declaration

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| IN RE:<br><br>RICHARD S. FRANCIS,<br><br>Debtor. | CASE NO. 2:26-bk-02418-FMR<br><br>CHAPTER 11 |
|---|---|

**SWORN DECLARATION IN SUPPORT OF DEBTOR'S AMENDED APPLICATION FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT OF SEESE, P.A. AS COUNSEL FOR DEBTOR-IN-POSSESSION EFFECTIVE SEPTEMBER 22, 2026**

MICHAEL D. SEESE, under penalty of perjury, states as follows:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Northern, Middle, and Southern Districts of Florida, the United States Court of Appeals for the Eleventh Circuit, and I am also qualified to practice in the United States Bankruptcy Court for the Northern, Middle, and Southern Districts of Florida.

2. I am the founding shareholder of the law firm of Seese, P.A. ("Seese") with offices located at 101 N.E. 3rd Avenue, Suite 1500, Ft. Lauderdale, FL 33301.

3. I submit this "Sworn Declaration" in support of the *Debtor's Amended Application for Entry of Order Authorizing Employment of Seese, P.A. as Counsel for Debtor-in-Possession Effective September 22, 2026,* in which the Debtor requests authorization to employ Seese as general bankruptcy counsel (the "Application") in the above-styled Chapter 11 case (the "Case").

4. The names, addresses, telephone number and e-mail of Seese and the attorneys that are expected to be primarily responsible for these matters are:

Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 745-5897
Michael D. Seese
mseese@seeselaw.com

5. Seese is well qualified to represent the Debtor in the manner described in the Application. Generally, Seese will represent and advise the Debtor with respect to:

a. Advise the Debtor generally regarding matters of bankruptcy law in connection with this Case;

b. Advise the Debtor of the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable bankruptcy rules, including local rules, pertaining to the administration of the Case and U.S. Trustee Guidelines related to the daily operation of its business and administration of this estate;

c. To prepare motions, applications, answers, proposed orders, reports and any other papers necessary in connection with the administration of the estate;

d. To negotiate with creditors, prepare and seek confirmation of a plan of reorganization and related documents, and assist the Debtor with implementation of any plan;

e. Review executory contracts and unexpired leases;

f. To negotiate and document any debtor-in-possession financing and exit financing; and

g. To render such other advice and services as the Debtor may require in this Case.

6. Under the applicable provisions of the Bankruptcy Code, and subject to the approval of this Court, the Debtor proposes to pay Seese its standard hourly rates and reimburse Seese for expenses according to Seese's customary reimbursement policies. My hourly rate is $650.00.

7. The hourly rates set forth above are Seese’s standard hourly rates currently charged to Chapter 11 clients. These rates are set at a level designed to compensate Seese fairly for the work of its attorneys and to cover expenses.

8. It is Seese's policy to charge its clients for all expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone, toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, filing fees, computerized research, transcription costs, and appearance fees. Seese will charge the Debtor for these expenses in a manner and rates consistent with charges made generally to Seese's other clients or as previously fixed by this Court. Seese believes that it is fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

9. Seese acknowledges that any award of compensation and reimbursement of expenses in this Case is subject to approval of the Court in accordance with sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1. In the event that the Court disallows any fees or expenses paid to Seese, the fees and expenses (to the extent previously paid) will be disgorged by Seese and returned to the appropriate party or as otherwise ordered by the Court.

10. Seese categorizes its billing by subject matter and in compliance with the applicable guidelines of the U.S. Trustee's Office. There are no arrangements between Seese and any other entity to share compensation received or to be received in connection with this Case, except as permitted under Section 504 of the Bankruptcy Code.

11. Except for the continuing representation of the Debtor, neither I nor the firm has or will represent any other person in connection with this Case, and neither I nor the firm will

accept any fee from any other party or parties in this Case, except as otherwise disclosed by Seese and approved by the United States Bankruptcy Court.

**Disinterestedness:**

12. Seese has conducted a check for conflicts of interest and other conflicts and connections with respect to this Case. Seese has reviewed and analyzed whether Seese and its attorneys have any connection with the creditors and parties in interest in this Case to the best of our knowledge, using information provided to Seese by the Debtor, a review of the creditor matrix and information contained in Seese's files. The following is a list of the categories of known entities that Seese has searched: (i) creditors of the Debtor; and (ii) known counsel for the foregoing parties.

13. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither, I, Seese, nor any of its attorneys thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties in interest, or their respective attorneys and accountants, and the United States Trustee or any person employed in the office of the Unites States Trustee. Prior to the commencement of the Case, the Debtor entered into a settlement with Centennial Bank related to the rescission of a mortgage. The settlement was entered within ninety (90) days prior to the Petition Date. This matter was being handled by another law firm, and Seese was not involved in any of the discussions relating to the settlement. Seese has bank accounts and a small line of credit with Centennial Bank. The foregoing was previously disclosed to the Debtor, who waived any conflicts of interest.

14. Seese does not believe the foregoing gives rise to any conflict of interest that would preclude representation of the Debtor in the Case.

15. Prior to the Petition Date, Seese received the following retainers from the Debtor: (a) $7,500.00 on May 21, 2026; (b) $25,000.00 on July 28, 2026; (c) $30,000.00 on August 18,

2026; (d) $20,000.00 on August 18, 2026; and (c) $20,000.00 on September 18, 2026. Prior to the Petition Date, Seese received the following payments for services rendered: (a) $7,500.00 on June 1, 2026; (b) $6,410.00 on June 15, 2026; (c) $7,670.00 on July 10, 2026; (d) $4,680.00 on August 24, 2026; (e) $1,625.00 on September 3, 2026; and (f) $15,908.00 on September 22, 2026, which included an advance payment for the filing fee in the amount of $1,738.00.

16. Except as otherwise provided herein, to the best of my knowledge, and based upon the foregoing efforts, Seese and the attorneys employed by it are disinterested persons who do not hold or represent an interest adverse to the estate, and except as set forth above, do not have any connection either with the Debtor, its creditors, or any other party in interest in this Case or with their respective attorneys, with the judges of this Court, or with the United States Trustee or any person employed in the Office of the United States Trustee. Therefore, neither I nor the firm represent any interest adverse to the Debtor or the estate, and we are "disinterested" persons as defined in section 101(14) and as required by section 327(a) of the Bankruptcy Code.

17. Seese makes the following additional disclosures with respect to Seese's disinterestedness: (a) Seese is not and was not a creditor, equity security holder, or insider of the Debtor; (b) Seese is not and was not, within two years before the date of filing of the petition herein, a director, officer or employee of the Debtor; and (c) Seese neither has, holds or represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 25, 2026

*/s/ Michael D. Seese*
Michael D. Seese

**EXHIBIT "B"**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| IN RE:<br><br>RICHARD S. FRANCIS,<br><br>Debtor. | CASE NO. 2:26-bk-02418-FMR<br><br>CHAPTER 11 |

**ORDER AUTHORIZING EMPLOYMENT OF SEESE, P.A., AS COUNSEL FOR DEBTOR-IN-POSSESSION, EFFECTIVE SEPTEMBER 22, 2026**

**THIS CAUSE** came before the Court on ------------------, 2026, at --------------, upon the scheduled hearing (the "**Hearing**") on the Debtor's *Amended Application for Entry of Order Authorizing Employment of Seese, P.A., as Counsel for Debtor-in-Possession Effective September 22, 2026* (the "**Application**") [ECF No. -----]. In accordance with the Application, the Debtor requests authorization to retain and employ Michael D. Seese, Esq. and the law firm of

Seese, P.A. ("**Seese**") as counsel for the Debtor and is supported by the *Sworn Declaration In Support Debtor's Application For Entry of Order Authorizing Employment of Seese, P.A. as Counsel for Debtor-in-Possession Effective September 22, 2026* (the "**Declaration**") attached to the Application as Exhibit "A".

After having reviewed the Application and the Declaration, it appears to the Court that Mr. Seese and Seese have disclosed any connections with parties in interest in the case as set forth in Fed. R. Bankr. P. 2014 and are "disinterested" within the meaning of 11 U.S.C. §§ 101(14) and 327(a); and it further appearing that the relief requested in the Application is in the best interests of the Debtor's estate, creditors and other parties in interest and there being no opposition to the relief sought; and, the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334, and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409, it is

**ORDERED** as follows:

1. The Application is **GRANTED** on a final basis, effective September 22, 2026.

2. The Debtor is authorized to retain and employ Michael D. Seese, Esq. and the law firm of Seese, P.A. as counsel in this Chapter 11 case to represent the Debtor in general bankruptcy matters and any other matters that may arise during the course of the representation in accordance with the terms and conditions set forth in the Application and in accordance with the terms of this Order.

3. Seese shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy

Procedure, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.

Label Matrix for local noticing
113A-2
Case 2:26-bk-02418-FMR
Middle District of Florida
Ft. Myers
Fri Sep 25 11:27:47 EDT 2026

Lincoln Automotive Financial Services c/o AI
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

The Huntington National Bank
c/o John D. Emmanuel, Esq.
401 E. Jackson St., Suite 2400
Tampa, FL 33602-5236

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kathleen Francis
550 S Barfield Drive
Marco Island, FL 34145-5921

Lincoln Automotive Financial
PO Box 35910
Cleveland, OH 44135-0910

Lincoln Automotive Financial Services
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Mercedes Benz Financial
PO Box 961
Roanoke, TX 76262-0961

Nelson Mullins et al.
100 SE 2nd Avenue
Suite 2700
Ft. Lauderdale, FL 33394

(p)RXO
11215 N COMMUNITY HOUSE RD
CHARLOTTE NC 28277-0817

THE HUNTINGTON NATIONAL BANK, as Administrat
c/o John D. Emmanuel, Esq.
401 E. Jackson St., Suite 2400
Tampa, FL 33602-5236

The Huntington National Bank
PO Box 1558
Columbus, OH 43216-1558

The Huntington National Bank
PO Box 182232
Columbus, OH 43218-2232

The Huntington National Bank
c/o John D. Emmanuel, Esq.
Buchanon Ingersoll & Rooney PC
401 E Jackson Street, Suite 2400
Tampa, FL 33602-5236

United States Trustee - FTM
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949

Varilease Finance, Inc.
c/o Jay L. Welford, Esq.
Taft Stettinius & Hollister, LLP
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8222

WFBNA Home Lending
PO Box 10335
Des Moines, IA 50306-0335

John D. THE HUNTINGTON NATIONAL BANK, as Adm
c/o John D. Emmanuel, Esq.
401 E. Jackson St., Suite 2400
Tampa, FL 33602-5236

Michael D Seese
Seese, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301-1181

Richard Stephen Francis
550 S. Barfield Drive
Marco Island, FL 34145-5921

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

RXO Managed Transport, LLC
11215 N. Community House Rd.
Charlotte, NC 28277

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)The Huntington National Bank<br>c/o John D. Emmanuel, Esq.<br>401 E. Jackson St., Suite 2400<br>Tampa, FL 33602-5236 | End of Label Matrix<br>Mailable recipients 20<br>Bypassed recipients 1<br>Total 21 |