United States Bankruptcy Court
Middle District of Florida

In re:
Richard Stephen Francis
Debtor

Case No. 26-02418-FMR
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 113A-2 User: admin Page 1 of 1
Date Rcvd: Sep 23, 2026 Form ID: pdfADIdt Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 25, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Richard Stephen Francis, 550 S. Barfield Drive, Marco Island, FL 34145-5921 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 25, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 22, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Michael D Seese | on behalf of Debtor Richard Stephen Francis mseese@seeselaw.com |
| United States Trustee - FTM | USTPRegion21.TP.ECF@USDOJ.GOV |

TOTAL: 2

**[D11dipob]** [Order Authorizing DIP to Operate Business]

ORDERED.

**Dated: September 22, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

Case No.
2:26–bk–02418–FMR
Chapter 11

Richard Stephen Francis

Debtor* /

ORDER AUTHORIZING DEBTOR–IN–POSSESSION
TO OPERATE BUSINESS

Debtor, having filed this Chapter 11 case, has the duties and authorizations described in 11 U.S.C. § 1108 or 11 U.S.C. § 1184, Local Rule 2081–1, and as set forth herein. Accordingly, it is

**ORDERED:**

1. ***Operation of Business.*** Debtor shall continue in possession and control of its property and as debtor in possession may operate its business pursuant to 11 U.S.C. §§ 1108 or 1184. Debtor is authorized to pay all necessary and current expenses of operating its business, including taxes incurred in the operation of the business or imposed on its property, to the extent that such payments are post–petition obligations and are necessary to preserve the assets or operate the business. Subject to the provisions of 11 U.S.C. §§ 363 and 365, Debtor may use, sell, or lease property of the estate.

2. ***Debtor–in–Possession Bank Accounts***. Consistent with 11 U.S.C. § 345, Debtor is authorized and directed to open and maintain debtor–in–possession bank accounts for the deposit, investment, and disbursement of monies of the estate. For 30 days from the date of this Order and subject to further Court order, pending the opening of such accounts, Debtor shall have access to its existing prepetition bank accounts for any and all purposes consistent with Paragraph 1 of this Order.

3. ***Insurance***. Debtor shall maintain insurance customary and appropriate to Debtor's industry.

4. ***Tax Returns***. No later than 30 days from the date of service of this Order, Debtor shall file with the appropriate agency any delinquent federal or state tax return for any tax period. Debtor shall timely file all federal and state tax returns required to be filed after the commencement of this case and shall timely pay all personal federal and state taxes that are due and payable after the commencement of this case. Debtor shall maintain copies of all tax returns, reports, and proof of all payments and make these available upon request for inspection by any representative of the appropriate taxing agency, the United States Trustee, or any trustee appointed in this case.

5. ***Tax Deposits***. Within three business days following the end of all pay periods, Debtor shall make all tax deposits as required by the Internal Revenue Service and the State of Florida.

6. ***Monthly Operating Reports and Quarterly Payments to United States Trustee***. By the 21st day of the month succeeding the reporting period, Debtor shall file the monthly Debtor–in–Possession Monthly Operating Report in the format required by the United States Trustee. Under Local Rule 2081–1, Small Business Debtors, as defined in 11 U.S.C. § 101(51D), shall include a Schedule of Receipts and Disbursements in addition to the Small Business Monthly Operating Report. In addition, Debtor, except in cases in which Subchapter V of Chapter 11 applies, shall timely remit to the United States Trustee the quarterly fees required by 28 U.S.C. § 1930(a)(6).

7. ***Cooperation with United States Trustee***. Debtor shall cooperate with the United States Trustee by furnishing such additional information as the United States Trustee may reasonably require in supervising the administration of the estate. Debtor shall attend, through its senior management and counsel, any initial debtor interview required by the United States Trustee.

8. ***Deadlines for Filing Disclosure Statement and Plan***. Unless otherwise ordered by the Court, the following deadlines for filing a disclosure statement and plan apply. Any motion for an enlargement of time to file a disclosure statement and plan shall be filed before the deadline and shall state good cause for such relief:

(a) Small Business Debtors as defined by 11 U.S.C. § 101(51)(C) and 51(D) shall file a disclosure statement and plan no later than 180 days from the date of the order for relief under Chapter 11.

(b) Small Business Debtors that have elected that Subchapter V of Chapter 11 shall apply shall file a plan no later than 90 days from the date of the order for relief under Chapter 11.

(c) Debtors who are not Small Business Debtors shall file a plan and disclosure statement no later than 120 days from the date of the order for relief under Chapter 11.

9. ***Failure to Comply***. Debtor's failure to comply with any of the provisions of this Order shall constitute cause for the dismissal or conversion of this case.

10. ***Retention of Jurisdiction***. The Court retains jurisdiction to alter, modify, amend, revoke, enforce, and impose sanctions with respect to each provision of this Order.

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.