**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| IN RE:<br><br>RICHARD S. FRANCIS,<br><br>Debtor. | CASE NO. 2:26-bk-02418-FMR<br><br>CHAPTER 11 |

**Notes to Schedules and Statement of Financial Affairs**

1. All amounts disclosed in the Schedules and Statement of Financial Affairs have been provided to the best of the Debtor's knowledge, information, and belief. Scheduled asset values are not based on any appraisals. The Debtor reserves the right to amend any values, if necessary.

2. The amounts included on the Schedules and Statement of Financial Affairs are without prejudice to the rights of the Debtor to object to any claim(s) and to file appropriate actions, including, without limitation, avoidance actions pursuant to Chapter 5 of the Bankruptcy Code.

3. The failure of the Debtor to disclose any asset, including, without limitation, any potential claim(s) against any third party is neither intended nor should be construed as any waiver of such claim(s) and all such claim(s) are preserved.

4. Huntington National Bank asserts a mortgage against the Marco Island, Florida property; however, the mortgage is in the name of R&R Express Properties, LLC. On Schedule D, the Debtor did not have the option of providing that Debtor is not liable on the mortgage and, therefore, the Debtor disputed the claim. Moreover, there may be a claim against Huntington National Bank, which would eliminate the mortgage due to actions taken in connection with a payoff and payment to Huntington National Bank, and the subsequent return of the payment proceeds and rescission of mortgage with Centennial Bank.

5. Title to 4251 Breckenridge Court, Presto, PA 15142 and 101 E. Crafton Avenue, Pittsburgh, PA 15205 may be in the names of Richard S. Francis and Kathleen L. Francis, Trustees of the Richard S. Francis and Kathleen L. Francis Revocable Trust.

6. Any failure to designate a claim on the Debtor's Schedules as disputed, contingent, or unliquidated does not constitute an admission by the Debtor that such amount is not disputed, contingent, or unliquidated. The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules as to amount, liability, or

classification or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated.

7. The Debtor is trustee and/or beneficiary under disclosed trusts. One or more scheduled assets may be held in the name of a disclosed trust. The Debtor has disclosed one or more assets as being titled in the Debtor's name, either individually or jointly, particularly with respect to any such asset held in joint revocable trust. The scheduling of such assets is without prejudice or waiver of the Debtor's rights to amend the schedules including, without limitation, relating to ownership of any asset held in trust and/or as tenants by the entirety.

8. The lease with R&R Express Properties, LLC, as disclosed on Schedule G, was entered at or near the time the property was originally acquired by R&R Express Properties, LLC.

9. The Debtor reserves the right to amend the Schedules and Statement of Financial Affairs.