**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

RICHARD STEPHEN FRANCIS, Chapter 11

Case No. 2:26-bk-02418-FMR

Debtor.
_________________________________________/

**NOTICE OF TAKING RULE 2004 EXAMINATION AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTOR, RICHARD STEPHEN FRANCIS**

PLEASE TAKE NOTICE that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and the applicable Local Rules of the United States Bankruptcy Court for the Middle District of Florida, creditor Varilease Finance, Inc. ("Varilease"), by and through its undersigned counsel, will take the examination of the Debtor, Richard Stephen Francis (the "Debtor"), concerning the Debtor's acts, conduct, property, liabilities, financial condition, and any matter which may affect the administration of the Debtor's bankruptcy estate, including, without limitation, the assets and matters disclosed in the Debtor's Schedules and Statement of Financial Affairs.

PLEASE TAKE FURTHER NOTICE that, in conjunction with the examination, and pursuant to Rule 2004(c) of the Federal Rules of Bankruptcy Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure (incorporating Rule 45 of the Federal Rules of Civil Procedure), the Debtor is required to produce, no later than the response date set forth below, true, correct, and complete copies of the documents described in the attached **Schedule 1** (the "Requested Documents").

**PRODUCTION DETAILS**

Date of Examination: December 10, 2026

Time: 1:30 p.m. (EST)

Location: Via Zoom (link to be provided to Debtor's counsel)

Response and Production Date: On or before **December 3, 2026**, the Debtor shall electronically produce the Requested Documents, in electronic (PDF or similar) format where available, or otherwise in hard copy, to counsel for Varilease at the address below.

Produce to:

Jay L. Welford, Esq.
Kimberly Ross Clayson, Esq.
Taft Stettinius & Hollister LLP

27777 Franklin Rd. Suite 2500
Southfield, Michigan 48034
jwelford@taftlaw.com
kclayson@taftlaw.com
248-351-3000
*Counsel for Varilease Finance, Inc.*

Respectfully submitted,

Dated: November 3, 2026

*/s/Tracy Segal Foust*

Tracy Segal Foust
Florida Bar No. 0520713
1000 SE Monterey Commons Blvd.
Suite 306
Stuart, FL 34996
Phone: (772) 221-7757
Facsimile: (772) 781-6886
Email: tfoust@taftlaw.com

and

/s/*Jay L. Welford*

Jay L. Welford (Mich. Bar No. P34471)
Kimberly Ross Clayson (Mich. Bar No. P69804)
*Pro Hac Vice* motions pending
Taft Stettinius & Hollister LLC
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Attorneys for Varilease Finance, Inc. and*
*VFI KR SPE I, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Rule 2004 Examination and Request for Production of Documents, together with Schedule 1, was served on October 29, 2026 via the Court's CM/ECF electronic filing system on all parties registered to receive electronic notice in this case, and/or via U.S. Mail, first class postage prepaid, upon the Debtor and the Debtor's counsel of record, and all other parties entitled to notice, at the addresses set forth below.

Michael D Seese
Seese, P.A.
101 NE 3rd Avenue
Suite 1500
Ft. Lauderdale, FL 33301

Richard Stephen Francis
550 S. Barfield Drive
Marco Island, FL 34145

Dated: November 3, 2026

*/s/Tracy Segal Foust*

Tracy Segal Foust
Florida Bar No. 0520713
1000 SE Monterey Commons Blvd.
Suite 306
Stuart, FL 34996
Phone: (772) 221-7757
Facsimile: (772) 781-6886
Email: tfoust@taftlaw.com

## SCHEDULE 1
## REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO RICHARD STEPHEN FRANCIS, DEBTOR

### DEFINITIONS AND INSTRUCTIONS

As used herein, "Debtor" means Richard Stephen Francis, individually, and includes his agents, representatives, accountants, bookkeepers, attorneys, and any other person acting on his behalf. "Document" and "documents" are used in the broadest sense permitted under the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure and include electronically stored information.

Unless otherwise specified, the time period covered by this request is January 1, 2024 through the present.

If any requested document has been lost, destroyed, discarded, or otherwise disposed of, identify the document, state the circumstances surrounding its disposition, and identify all persons having knowledge of such disposition.

If the Debtor withholds any document, or any portion of a document, on the basis of privilege or other protection from disclosure, provide a privilege log identifying the document, its author, its recipients, its date, and the nature of the privilege or protection claimed.

### DOCUMENTS REQUESTED

1. Copies of current deeds for each parcel of real estate in which the Debtor holds or has held any legal or equitable interest, including, without limitation, the real property located at 550 S. Barfield Drive, Marco Island, Collier County, Florida; 4251 Breckenridge Court, Presto, Allegheny County, Pennsylvania; and 101 E. Crafton Avenue, Pittsburgh, Allegheny County, Pennsylvania.

2. Copies of all certificates of title, registrations, and documents evidencing ownership or transfer of any motor vehicle in which the Debtor holds or has held any legal or equitable interest, including the 2018 Mercedes-Benz 550SL and the Corvette transferred to Jeff Basenger.

3. Copies of all certificates of title, registrations, and documents evidencing ownership or transfer of any boat, yacht, or personal watercraft in which the Debtor holds or has held any legal or equitable interest, including the 2023 Boston Whaler 420 R Outrage and any Sea-Doos.

4. Complete account statements, for the period January 1, 2024 through the present, for each bank, deposit, savings, brokerage, or similar financial account in which the Debtor holds or has held any legal or equitable interest, including, without limitation, the following accounts: First National Bank account ending in 3276; First National Bank account ending in 3119; First National Bank account ending in 0903; Huntington National Bank account ending in 7692; Fifth Third Bank checking account ending in 4030; Fifth Third Bank savings account ending in 3389; and Wells Fargo account ending in 4359.

5. The current operating agreements, subscription agreements, and any other corporate governance or organizational documents for each limited liability company in which the Debtor holds or has held an interest, including, without limitation, Destination One, LLC and Fastport, LLC.

6. A copy of the trust agreement, and all amendments and restatements thereto, for the Richard S. and Kathleen L. Francis Revocable Trust and for the Kathleen L. Francis Spousal Lifetime Access Trust, together with all documents evidencing or reflecting the assets transferred to each such trust.

7. All loan documents, including promissory notes, loan agreements, security agreements, and related correspondence, evidencing the loan(s) made to the former employee(s) identified in the Debtor's Schedule A/B, including the loan made jointly by the Debtor and his spouse and any such loan(s) made individually by the Debtor.

8. All records evidencing the Debtor's equity interest in Nevillewood Country Club, including membership certificates, assignment documents, club bylaws or membership agreements, and correspondence regarding the value or transferability of such interest.

9. All documents relating to any actual or potential claim by the Debtor against Huntington National Bank, including mortgage rescission and lender-liability claims referenced in the Debtor's Statement of Financial Affairs, and claims concerning rescission of the mortgage with Centennial Bank, return of funds, or failure to provide a release of mortgage. This request includes all complaints, answers, counterclaims, amended and third-party pleadings, agreements, notices, correspondence, and documents supporting the factual basis, damages, status, settlement, or disposition of any such claim.

10. Copies of all insurance policies and binders covering property in which the Debtor holds or has held any legal or equitable interest, including declarations pages, endorsements, schedules of insured items, stated or agreed values, applications, and supporting inventories or valuations. Include documents supporting or explaining differences between insured values, values stated in the Debtor's financial statements, including the $950,000 personal-property valuation, and values stated in the bankruptcy schedules and claim of exemptions.

11. All appraisals, valuations, and valuation reports for any asset in which the Debtor holds or has held any legal or equitable interest, including appraisals supporting financial statements, insurance coverage, bankruptcy schedules, or claimed exemptions.

12. All leases, rental agreements, amendments, renewals, and related documents concerning any real property as to which the Debtor is or has been a tenant or landlord, including documents evidencing rent payments or receipts, security deposits, occupancy, and the identity of the parties. Include all such documents concerning the Debtor's Florida and Pennsylvania properties.

13. All documents relating to insurance claims made by or on behalf of the Debtor, including claim submissions, supporting materials, insurer correspondence, coverage determinations, settlements, and payment records.

14. All documents evidencing any pending inheritance or entitlement to receive property from a decedent's estate or trust, including wills, trust instruments, probate filings, notices, accountings, correspondence, and documents reflecting the nature, value, and anticipated timing of any distribution.

15. All documents relating to pending federal, state, or local tax refunds payable to the Debtor, including returns, amended returns, refund claims, notices, correspondence, and documents reflecting the amount and status of each refund.

16. Copies of all life insurance policies insuring the Debtor or in which the Debtor has any ownership or beneficiary interest, including declarations, beneficiary designations, assignments, premium records, and statements reflecting cash surrender value, policy loans, or other benefits.

17. All documents relating to the sale, transfer, or other disposition of the wine collection to Benchmark Wine Group, the Corvette to Jeff Basenger, and timeshare interests to Joe Garner, Jr., including agreements, correspondence, inventories, valuations, transfer instruments, and records of consideration received and its disposition.

18. All existing lists, inventories, and other documents identifying the Debtor's collectibles, including antiques, paintings, artwork, and other collectible items, together with receipts, invoices, purchase agreements, and payment records relating to their acquisition.

19. All existing lists, inventories, and other documents identifying the Debtor's sports equipment, together with receipts, invoices, purchase agreements, and payment records relating to its acquisition.

20. All purchase documents for the Debtor's Rolex and Breitling watches, including receipts, invoices, purchase agreements, certificates, and payment records.

21. All loan documents relating to Huntington National Bank financing concerning 550 S. Barfield, including promissory notes, loan agreements, mortgages, security agreements, guaranties, amendments, closing statements, payment histories, payoff statements, and related correspondence.

22. All employment agreements and commission sales agreements between the Debtor and Giant Logistics, LLC, including amendments, compensation schedules, commission statements, and records of compensation paid or payable.

23. For the six months immediately preceding the production date, all documents substantiating the monthly expenses reported on the Debtor's Schedule J, including invoices, bills, receipts, account statements, and proof of payment.

24. All Forms 1099 and W-2 issued to or received by the Debtor for tax years 2024 and 2025 and any such forms issued to or received by the Debtor for 2026 through the production date.

25. Complete copies of all federal, state, and local income tax returns filed by or on behalf of the Debtor, individually or jointly, for tax years 2024 and 2025, including all schedules, attachments, and amended returns.

26. For the one-year period immediately preceding the production date, complete statements for all credit card accounts held or used by the Debtor, together with records identifying the source of funds for payments, including documents relating to the approximately $100,000 in credit card payments made in July and August 2026.

27. All Shiptronics invoices and related payment records, including documents relating to the $30,321 invoice or payment, the goods or services provided, and the source of funds used for payment.

28. All Nelson Mullins invoices, engagement agreements, and payment records relating to services provided to or for the Debtor, including services concerning any home or mortgage dispute, including lender liability claims, involving Huntington National Bank, subject to the privilege-log instruction above.

29. All existing lists, inventories, and other documents identifying precious metals owned or formerly owned by the Debtor, including silver, together with purchase records and documents relating to any gift, transfer, sale, or other disposition of such metals, including the identity of each recipient and any consideration received.

30. For the one-year period immediately preceding the production date, all Amazon order confirmations, invoices, delivery receipts, and delivery records for purchases made by or for the Debtor, showing delivery addresses, together with cable, internet, and utility bills and related payment records identifying service addresses for the Debtor’s residences. For the same period, all airline reservations, booking confirmations, tickets, itineraries, boarding passes, receipts, and frequent-flyer account travel histories relating to air travel by the Debtor, including records identifying travel dates, departure and arrival airports, flight segments actually flown, and cancellations or changes, together with airline account profiles and related records reflecting the Debtor’s residential, mailing, or billing addresses and any changes to those addresses.

31. All contracts and related documents concerning the construction of a yacht by or through Destination One, including amendments, specifications, invoices, payment records, construction-status reports, correspondence, and documents evidencing the Debtor’s ownership interest or right to acquire the yacht under construction.